FRANKLIN

*v.*

SALEM BLDG. ASS'N *et al.*

*(Supreme Court of Appeals of Virginia, July 16, 1896.)*

[25 S. E. Rep. 97.]

**Specific Performance—Contract of Sale—Sufficiency of Evidence—Case
at Bar.**

Plaintiff, being indebted to a building and loan association under
a deed of trust, agreed orally that the association should take the
property under the deed in satisfaction of the debt.   Plaintiff vacated
the premises shortly thereafter, and left the state, making no claim
to the premises or to the rents, and paying no taxes thereon for a
period of five years.   In the meantime the association took posses-
sion, and sold the property, with the knowledge of plaintiff, who
made no objection.   The association made no demand on plaintiff for
dues or interest or payments on the debt, but removed his name from
the roll of stockholders: *held,* that the evidence was sufficient to
support a decree against the plaintiff for specific performance of the
contract of sale to the association.

Appeal from circuit court, Roanoke county ; Henry E. Blair,
Judge.

Bill by H. J. Franklin against the Salem Building Associa-
tion and another for the recovery of certain real estate.   From
a decree ordering specific performance on the part of the plain-
tiff of the contract of sale, plaintiff appeals.   Affirmed.

*L. W. & L. C. Hansbrough* and *G. W. Crumpecker*, for
appellant.

*L. H. Cocke* and *R. H. Logan*, for appellees.

RIELY, J., delivered the opinion of the court.

The propriety of the decree of the circuit court in requiring specific performance by the appellant of an alleged contract of sale of his house and lot to the Salem Building Association is the matter drawn in question by the appeal of this court. The association does not base its claim to the property upon a purchase thereof at a sale under the deed of trust made to secure the debt which the appellant owed it, but relies solely upon a parol contract entered into after the effort to effect a sale under the deed of trust had failed. When the property was offered at public auction under the deed of trust, although there were a dozen or more persons present, there was but one bid made. This was a bid of $500 made by the secretary of the association, which amount he considered would cover the indebtedness of the appellant to the association and the expenses of the sale. W. M. Graybill, the secretary of the association, who had gone to the sale to represent its interests, and made the bid of $500, testified that, when no other bids were made, both Franklin, the appellant, and himself, tried to get some one to bid more, or to take the property at $500, but, being wholly unsuccessful, he thereupon told Franklin that "the association would take the property at that price as a settlement of his indebtedness to the association"; that Franklin replied that "he had a friend in Franklin county who had promised to buy the property, but, as he had disappointed him, he thought that it would be best to have the association take the property"; and that "he then and there agreed to let the association take the property for the amount he owed the association, and said that we could take the property, and make of it what we could." John H. Shuff, who, as one of the trustees, was present, superintending the sale to be made under the deed of trust, also testified that, "after the bidding was over, Mr. Graybill and Mr. Franklin had some conversation in my presence, in which Mr. Franklin said he thought it best for the

association to take the property at the price above mentioned,"
which was $500, though he also added that he "was not pay-
ing particular attention to the conversation, and could not say
exactly what took place." Franklin gave his deposition, and
denied that he made such agreement to sell the property to the
association ; but his testimony is so contradictory in itself, and
differs so materially from the allegations of his bill, which was
duly sworn to by him (it being, among other things, also a
bill for an injunction), not to say in direct conflict therewith in
many particulars, that no injustice is done to him in saying
that it is entitled to very little weight; and especially is this
the case since. his conduct subsequent to the alleged sale of the
property to the association is consistent with and confirmatory
of such sale, and wholly inconsistent with his present conten-
tion. The evidence shows that within a few months after the
sale of the property to the association, as testified to by Gray-
bill, Franklin vacated the house and premises, and that the
association took possession of it; that Franklin packed up his
furniture and household goods, and shipped them to Bristol,
Tenn., where he went himself to reside, and for five years,
from 1886 to 1891, he laid no claim whatever to the property.
He did not pay the taxes for the year 1885, which were due on
the property when it was sold, nor pay, or offer to pay, the
taxes for any year thereafter. He did not thereafter pay, or
offer to pay, the dues and fines to the association which would
otherwise have been payable on his stock, nor any interest to
it on his former indebtedness ; neither did he in all that time
assert any claim for rent for the property, nor call for any
account of his standing with the association. It was not until
1891, when he ascertained that the market price of the prop-
erty had risen, that he set up a claim to the property, and
brought his suit. The association, after the purchase of the
property, as claimed by it, made no demand on him for dues,
fines, interest, or other payments, but dropped his name from
its roll of shareholders, took possession of the property, and

after repeated efforts to dispose of it at the price of $500, sold it, on August 4, 1886, at that sum, to the appellee W. C. Bass, payable in monthly installments of $10 each, and put him in possession of it. The purchase of the property from the association by Bass, and his possession of it, were facts well known to Franklin ; and he acquiesced therein without the slightest objection until he instituted this suit, five years afterwards.

We are of the opinion that the evidence establishes the sale of the property to the Salem Building Association, as claimed by it ; that the association acquired possession of the property under the contract of sale ; and that there has been such performance thereof by the association as justified the circuit court in decreeing its specific execution by Franklin. The court, in decreeing specific execution of the contract, decreed that the association pay to Franklin the sum of $56.63, with interest from June 1, 1886, which was the difference between the sum of $500, that was bid for the property by the association at the time it was put up for sale under the deed of trust, and the amount which he actually owed it at that time. Upon a review of the evidence and a careful consideration of the whole case, we are not prepared to say that the court erred in so doing. Our conclusion, therefore, is that its decree should be affirmed.